■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENRIC JACOBS, Also Known as KENRIC FONCET, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered February 5, 1987, convicting him of criminal possession of stolen property in the third degree, unauthorized use of a vehicle in the second degree, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that a material portion of the trial was conducted in his absence so as to mandate reversal. The Trial Justice had the defendant's accomplice, who was incarcerated on unrelated charges, produced in the courtroom. In the absence of the defendant, the Trial Justice held a conference with the prosecutor, the defendant's counsel, and the accomplice and his attorney, regarding the possibility of either side calling the accomplice as a witness. The Trial Justice was informed that, although the accomplice had spoken with the prosecutor on the previous day, he was no longer willing to speak to the attorneys for either side. The defendant's counsel then requested disclosure of any exculpatory information previously related by the accomplice to the prosecutor, and the Trial Justice directed the prosecutor to reveal any statements made by the accomplice which would exculpate the defendant or which might be used to impeach the credibility of the People's witnesses. In response, the prosecutor stated that the accomplice's version of the events had in no way exculpated the defendant, but had provided a slightly different description of the route taken by the defendant in the stolen vehicle prior to his arrest. The prosecutor also related the accomplice's claim that he (the accomplice) was struck by one of the police officers at the time of the arrest. The prosecutor expressed no desire to call the accomplice as a witness, and the defendant's counsel indicated

that he would consult with his client in order to determine whether to call the accomplice as a defense witness. At the conclusion of the recess, and in the defendant's presence, the defendant's counsel indicated that he would not call the accomplice as a witness if the accomplice intended to invoke his right against self-incrimination. The accomplice was then produced in the courtroom, placed on the witness stand, and sworn in the presence of the defendant. However, on the advice of his counsel, he invoked his Fifth Amendment right against self-incrimination with respect to the events which occurred on the date of the crime. The defendant's counsel, after again consulting with the defendant, informed the court that he would not call the accomplice as a witness.

Contrary to the defendant's contention, the foregoing facts do not establish that he was absent during a material part of the trial. It is settled that "due process requires the presence of a defendant at his trial 'to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only' " (People v Mullen, 44 NY2d 1, 4-5, quoting Snyder v Massachusetts, 291 US 97, 108). Moreover, a defendant's presence is required only where his absence would have a "substantial effect on his opportunity to defend" (People v Mullen, supra, at 6). In the present case, the trial court merely held a brief and informal conference with counsel regarding the possibility of the defendant's accomplice being called as a witness. No hearing was held, nor can it be said that any aspect of the conference substantially affected the defendant's ability to defend against the charges at trial. The defendant simply was not entitled to be present during the prosecutor's disclosure of the substance of a witness's statement to the defense attorney, any more than he would have been entitled to be present were such information related during pretrial discovery. Additionally, the record indicates that the defendant's counsel consulted with the defendant following the conference and prior to the defense decision not to call the accomplice as a witness.

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.