■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS MORGAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered June 28, 1989, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the trial of this case, the prosecutor indicated to the court that the People's main witness had indicated to her that she would not testify against the defendant because she feared for the safety of her family. After the prosecutor moved for a hearing to determine if the defendant was responsible for the witness being intimidated *(see, Matter of Holtzman v Hellenbrand,* 92 AD2d 405), the court adjourned the case to the following day. The next afternoon the prosecutor informed the court outside the defendant's presence that the reluctance of the witness to testify was waning. However, the court decided to proceed with a hearing and directed defense counsel not to discuss with the defendant the increased likelihood that the witness would testify in this case. This gag order was in effect during an overnight recess.

The defendant claims that the court's instruction violated his right to the effective assistance of counsel. We disagree. Not every restriction upon a defendant's access to his attorney constitutes reversible error *per se.* The ruling in issue here was of very limited scope. The court did not prohibit all

conversations between the defendant and his attorney, but only discussion relating to the likelihood that the witness in question would testify *(see, People v Narayan,* 88 AD2d 622; *cf., Geders v United States,* 425 US 80). Under the circumstances present here there was no error of law requiring reversal *(see, Perry v Leeke,* 488 US 272; *cf., People v Blount,* 159 AD2d 579, *affd* 77 NY2d 888).

The defendant's assertion that the police officer's testimony regarding the statement made by the witness in question at the hospital following the incident which inculpated the defendant constituted impermissible bolstering by the People has not been preserved for appellate review as a matter of law *(see,* CPL 470.05 [2]; *People v Love,* 57 NY2d 1023). In any event, in view of the strength of the People's case, the alleged error must be deemed harmless *(see, People v Crimmins,* 36 NY2d 230, 242).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Bracken, Rosenblatt and O'Brien, JJ., concur.