■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY MURPHY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered August 16, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the defendant's contention that Police Officer Louis Ayala's assertion of his Fifth Amendment privilege was unjustified was not preserved for appellate review because the defendant did not make this argument at trial *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 248-252). In any event, Officer Ayala had " 'a reasonable cause to apprehend danger' " *(Flushing Natl. Bank v Transamerica Ins. Co.,* 135 AD2d 486, 487) that his answer to the defense attorney's questions could tend to incriminate him, and therefore, the court properly refused to compel him to testify *(see, People ex rel. Taylor v Forbes,* 143 NY 219, 231). Also, it was not an improvident exercise of discretion for the court to refuse to compel Officer Ayala to take the witness stand before the jury

to assert the privilege. Such an action would have led to speculation among the jurors *(see, People v Thomas,* 51 NY2d 466, 472).

We further find that the defendant's absence when the court turned over three previously admitted exhibits to the jury was not a violation of his right to be present during a critical stage of the trial *(see, People v Harris,* 76 NY2d 810, 812; *People v Jacobs,* 162 AD2d 716, 717). Also, the court's failure to accord the defendant an opportunity to be heard on whether the exhibits should be turned over to the jury *(see,* CPL 310.20) was harmless in light of the overwhelming evidence of his guilt *(see, People v Crimmins,* 36 NY2d 230, 241-242).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, O'Brien and Ritter, JJ., concur.