■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BURNETT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered September 24, 1990, convicting him of attempted robbery in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant claims, *inter alia,* that two brief conversations between a court-appointed interpreter and a witness in open court during a *Wade* hearing while defense counsel and the defendant were present in the courtroom deprived him of his constitutional right to be present at all material portions of the trial, and further deprived him of his right to counsel and his right of confrontation. We disagree.

We note that the defendant never registered an objection at the hearing on the grounds which he now advances on appeal and accordingly, his claim is unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, the defendant's argument is without merit.

The first of those brief conversations occurred during the prosecutor's interposition of an objection, when the court interpreter spoke briefly to the complaining witness in an apparent attempt to explain to her the meaning of an objection. The defense counsel immediately apprised the court of the interpreter's conduct. After a brief inquiry, the court ascertained that nothing improper had been said, and the hearing resumed without objection by the defense counsel. When the interpreter once again spoke to the witness during an objection, the court properly instructed him to cease all discussion and consult with the court in the event the interpreter detected any confusion on the witness's part. Therefore, the trial court rectified the problem, apparently to the satisfaction of the defendant and his counsel.

The contentions raised by the defendant in his supplemental *pro se* brief are unpreserved for appellate review or lacking in merit *(see, People v Underwood,* 126 AD2d 584; *see also, People v Tas,* 51 NY2d 915; *People v Leakes,* 177 AD2d 714).

Mangano, P. J., Thompson, Bracken and Lawrence, JJ., concur.