■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR MARTINEZ, Appellant. [612 NYS2d 59] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered April 12, 1991, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his right to be present when the trial court held an in camera hearing, outside his presence, regarding the prosecutor's request for an adjournment in order to locate two prospective witnesses. We disagree.

A defendant's constitutional right to be present arises "whenever [defendant's] presence has a relation, reasonably substantial, to the fulness of [the] opportunity to defend

against the charge" *(Snyder v Massachusetts,* 291 US 97, 105-106). Conversely, a defendant has no right to be present when a conference involves only questions of law and procedure, such that the defendant's presence would not ensure a more reliable determination *(see, Kentucky v Stincer,* 482 US 730, 744-745; *People v Velasco,* 77 NY2d 469, 472; *People v Jacobs,* 162 AD2d 716). Therefore, in the present case, since the in camera hearing involved only a question of procedure, and no testimony was elicited, the defendant was not entitled to be present.

The defendant also contends that he was denied his right to counsel when the trial court conditioned the defense counsel's attendance at the in camera hearing upon counsel's agreement not to discuss the hearing with the defendant. However, the defendant's contention is not preserved for appellate review since the defendant failed to raise this argument at the trial *(see, People v Narayan,* 54 NY2d 106, 112-113; *People v Burnett,* 188 AD2d 658; *cf., People v Margan,* 157 AD2d 64). In any event, the defendant's contention is without merit. A defendant's right to counsel is not absolute and a trial court may impose reasonable rules on the defendant's access to counsel in order to control the conduct of the trial *(see, People v Hilliard,* 73 NY2d 584, 586; *People v Enrique,* 165 AD2d 13, 16-17). In the present case, there was evidence that at least two of the prosecution witnesses had been threatened and offered money not to testify. Accordingly, the trial court's limited restriction on the defense counsel's discussion with the defendant regarding the in camera hearing, where the prosecutor disclosed the identity and expected testimony of two prospective witnesses, was reasonable and did not deprive the defendant of his right to counsel *(see, People v Morgan,* 176 AD2d 359).

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Medina,* 53 NY2d 951). Balletta, J. P., Miller, Hart and Krausman, JJ., concur.