THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAHSEAN K. EAVES, Also Known as "GUMS," Appellant. [59 NYS3d 872]—

Appeal from a judgment of the Monroe County Court (John Lewis DeMarco, J.), rendered September 7, 2010. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree, murder in the second degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [3]) and attempted robbery in the first degree (§§ 110.00, 160.15 [2]), defendant contends that County Court abused its discretion in issuing a protective order that allowed the People to withhold from the defense, until 10 days before trial, the identity of two witnesses, who were referred to

in the People's CPL 710.30 notice as witnesses "1" and "2." We reject that contention.

Criminal Procedure Law § 240.90 (3) specifically permits ex parte motions and in camera testimony where a court is called upon to decide a motion for a protective order "[w]here the interests of justice so require." Further, pursuant to CPL 240.50 (1), the court may issue a protective order "for good cause," which includes "a substantial risk of physical harm . . . [or] intimidation . . . to any person." Here, the court heard testimony offered by the People concerning specific instances of threats against, and intimidation of, both witnesses, which led the court to determine that both witnesses would be at substantial risk of suffering actual harm or intimidation for having cooperated with the People's investigation if their identities were disclosed. We conclude that the court properly received the testimony from the People on an ex parte basis in the interests of justice and further conclude that the testimony constituted good cause for issuing a protective order. In any event, we conclude that defendant was not prejudiced by the protective order inasmuch as a notice pursuant to CPL 710.30 need not name an identifying witness (see People v Poles, 70 AD3d 1402, 1403 [2010], lv denied 15 NY3d 808 [2010]; see generally People v Ocasio, 183 AD2d 921, 922-923 [1992], lv dismissed 80 NY2d 932 [1992]), and the identities of the witnesses "w[ere] turned over early enough" to permit defendant to prepare for effective cross-examination of the witnesses at trial (People v Robinson, 200 AD2d 693, 694-695 [1994], lv denied 84 NY2d 831 [1994]; see People v Pilgrim, 101 AD3d 435, 435-436 [2012], lv denied 21 NY3d 946 [2013], denied reconsideration 21 NY3d 1045 [2013]). We therefore see no reason to disturb the court's exercise of discretion.

We reject defendant's contention that the court erred in allowing the People to file an amended CPL 710.30 notice beyond the 15 days after arraignment authorized by statute. Because defendant sought to suppress all of his statements to the police and the court denied that relief after a hearing, any deficiencies in the CPL 710.30 notice are immaterial and cannot result in preclusion (see CPL 710.30 [3]; People v Collins, 145 AD3d 1479, 1480 [2016]).

Finally, we reject defendant's contention that the court erred in denying his motion for a mistrial based on an improper question posed by the prosecutor to a witness on redirect examination. After the witness was asked on cross-examination about the details of his past conviction for armed robbery by defense counsel, the prosecutor asked on redirect examination if that

robbery, like the one at issue herein, involved the shooting of a victim. The court sustained defense counsel's objection. We conclude that the one instance of prosecutorial misconduct was not so egregious as to deprive defendant of a fair trial and, thus, reversal is not warranted (*see People v Porco*, 71 AD3d 791, 794 [2010], *affd* 17 NY3d 877 [2011]; *People v McCray*, 121 AD3d 1549, 1552 [2014], *lv denied* 25 NY3d 1204 [2015]). Present—Carni, J.P., Curran, Troutman, Winslow and Scudder, JJ.