People v Beaton (2020 NY Slip Op 00372)





People v Beaton


2020 NY Slip Op 00372


Decided on January 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
Supreme Court of the State of New York
Appellate Division: Second Judicial Department
D62016
Q/afa
 AD3d

ALAN D. SCHEINKMAN, P.J.


[*1]The People of the State of New York, plaintiff,
v
Linden Beaton, defendant. (Ind. No. 211/19)




DECISION & ORDER
Application by the defendant pursuant to CPL 245.70(6) to review a ruling of a Justice of the Supreme Court, Richmond County, dated January 7, 2020, made upon renewal, that the terms of a protective order of that court dated November 1, 2019, remain in effect, and upon review, to vacate or modify the ruling.
Upon the papers filed in support of the application and the papers filed in opposition thereto, it is
ORDERED that the application is granted, the ruling dated January 7, 2020, made upon renewal, is vacated, and, thereupon, the protective order dated November 1, 2019, is vacated, without prejudice to the submission by the People, if they be so advised, of a further application to the Supreme Court for a protective order, with appropriate supporting papers.
Insofar as now relevant, the defendant is charged by Indictment No. 211/19 with murder in the first degree, rape in the first degree, kidnapping in the first degree, assault in the first degree, and related charges, stemming from allegations that, on January 19, 2019, he dragged a woman into a park and then into an apartment complex, where she was later found dead with trauma to her vagina and with compression injuries to her neck. On May 22, 2019, the People made an ex parte application for a protective order permitting them to withhold the names, addresses, and identifying information of certain witnesses. In support of that application, the People submitted an affirmation from an Assistant District Attorney. The Supreme Court (Marina Cora Mundy, J.) issued an order dated November 1, 2019, granting the application and sealing the application and its supporting papers. The protective order authorized the People, until further order of the court, to withhold disclosure of the names, addresses, and any identifying information of witnesses in the indictment, as well as all paperwork, statements, and reports that may relate to or reveal the identify of such witnesses, subject to disclosure at the appropriate time prior to trial in compliance with People v Rosario (9 NY2d 286) and Brady v Maryland (373 US 83). Also on November 1, 2019, after the order was issued, the defendant sought to vacate the order, arguing that the People had not shown good cause for the order and that the order was unduly restrictive.
Significant changes to the state laws governing discovery in criminal cases took effect on January 1, 2020. On January 7, 2020, during a court appearance preceding a Rodriguez hearing (see People v Rodriguez, 79 NY2d 445), the defendant, through counsel, was permitted to renew his opposition to the People's application for a protective order in light of the new statutory framework. Defense counsel acknowledged having received various police reports which had been heavily redacted, including as to the identity of two witnesses whose identifications of the defendant were to be the subject of the hearing. Defense counsel argued that the defendant was being deprived of [*2]the right to confront witnesses and present a defense, including a defense at the Rodriguez hearing. Counsel sought full disclosure of the identities and statements of these two witnesses and, as a "fallback" position, requested disclosure of the information that had been redacted as to other witnesses. As a further "fallback" position, defense counsel expressed willingness to accept information that he would share only with his cocounsel and the defense investigator and which would not be disclosed to the defendant. The People asserted that the documents had been only partially or minimally redacted, that the good cause shown to obtain the protective order still existed, and that the witnesses needed to be protected.
The Supreme Court (Mario F. Mattei, J.) determined that the protective order was still in place and that the defendant did not have a right to call the unidentified witnesses at the Rodriguez hearing, as opposed to at a later trial. The court identified the criteria specified for the issuance of a protective order under the new statutory framework and determined that the People had met their burden through the submission previously made, which the court ruled it would not disclose to the defendant lest the purpose of the protective order be vitiated. The court specified that its review of the protective order was "de novo." The defendant now seeks expedited review of the court's ruling pursuant to CPL 245.70(6).
CPL 245.70(1) provides that, upon a showing of good cause by either party, the court may order that disclosure and inspection be denied, restricted, conditioned, or deferred, or make such order as appropriate. The court is now specifically permitted to condition discovery on making the information available only to counsel for the defendant (see CPL 245.70[1]). Alternatively, the court is permitted to order defense counsel, or persons employed by the attorney or appointed by the court to assist in the defense, not to disclose physical copies of discoverable documents to the defendant or anyone else, subject to the defendant being able to access redacted copies at a supervised location (see id.). Should the court restrict access to discovery by the defendant personally, the court is required to inform the defendant on the record that counsel is not permitted by law to disclose the material or information to the defendant (see id.).
In determining whether good cause for a protective order exists, the court may consider "constitutional rights or limitations; danger to the integrity of physical evidence or the safety of a witness; risk of intimidation, economic reprisal, bribery, harassment or unjustified annoyance or embarrassment to any person, and the nature, severity and likelihood of that risk; a risk of an adverse effect upon the legitimate needs of law enforcement, including the protection of the confidentiality of informants, and the nature, severity and likelihood of that risk; the nature and circumstances of the factual allegations in the case; whether the defendant has a history of witness intimidation or tampering and the nature of that history; the nature of the stated reasons in support of a protective order; the nature of the witness identifying information that is sought to be addressed by a protective order, including the option of employing adequate alternative contact information; danger to any person stemming from factors such as a defendant's substantiated affiliation with a criminal enterprise . . . ; and other similar factors found to outweigh the usefulness of the discovery" (CPL 245.70[4]).
Pursuant to CPL 245.70(6), a party who has unsuccessfully sought, or opposed the granting of, a protective order relating to the name, address, contact information, or statements of a person may obtain expedited review by an individual justice of the intermediate appellate court to which an appeal from a judgment of conviction would be taken.
This case is one of the first under this new review procedure. The threshold question is what standard is the intermediate appellate justice to apply in performing the expedited review. The statute is silent on that subject. This Justice accepts the proposition that where a pure question of law is concerned, the reviewing justice decides the question de novo (see generally Robert L. Haig, Commercial Litigation in New York State Courts § 12:43 [4th ed 2 West's NY Prac Series Sept. 2019 update]). Where, however, the issue involves balancing the defendant's interest in obtaining information for defense purposes against concerns for witness safety and protection, the question is appropriately [*3]framed as whether the determination made by the trial court was a provident exercise of discretion (see People v Frost, 100 NY2d 129, 137).
Applying these standards to the matter at hand, I must first consider whether the affirmation submitted by the People to support their application for a protective order was legally sufficient to warrant the relief granted. Before answering this question, a procedural issue must be noted. The subject affirmation was sealed by the Supreme Court, and the defendant has not explicitly sought to unseal it. The People have submitted it to me for my consideration but in the absence of a formal application to unseal, I believe I am constrained to respect the sealing order made by the Supreme Court and to avoid disclosure of the specific content of the affirmation.
As to the substantive issues, the People's affirmation was unaccompanied by any affidavit from anyone with personal or direct knowledge of the relevant circumstances. Further, while alleging that a witness had been approached in person and by use of social media by "associates" of the defendant, the People did not set forth the name of any such associate, the relationship between the defendant and any associate, the date or approximate date of the alleged improper approach, or even a general description of the incident. While the use of social media is alleged, no screen shot or other depiction of the communication was provided. Further, the four corners of the affirmation do not contain the identity of the witnesses subject to the contact that caused concern. In short, the sealed affirmation submitted to justify the issuance of the protective order is vague, speculative, and conclusory. Under these circumstances, the affirmation was legally insufficient to support the granting of the relief sought.
Notably, the affirmation was submitted prior to the adoption of the new criminal discovery legislation. Under the new statute, the People, in seeking a protective order, and defense counsel, in opposing an application for a protective order, should provide a sufficiently detailed factual predicate to enable the courts to evaluate the applicability of the statutory factors governing the issuance of protective orders, assess the weight to be given to each factor, and draw an appropriate balance. Additionally, in this case, defense counsel specifically requested that the Supreme Court consider allowing him, his cocounsel, and the defense investigator to access the witness information and statements on the condition that such material not be shared with the defendant personally. The court did not discuss the viability of this alternative, which is expressly permitted by the statute (see CPL 245.70[1]; see also People v Mojica, 244 AD2d 138; People v Martinez, 204 AD2d 489; People v Morgan, 176 AD2d 359). Thus, even assuming that the affirmation had been legally sufficient to support the issuance of the protective order in May 2019, the court, upon its de novo review in January 2020, following the adoption of the new statute, should have examined, as now expressly authorized, whether the information previously redacted could be appropriately disclosed only to defense counsel and the defense investigator. Where the court determines that such an alternative would not be appropriate, that determination may be reviewed as to whether it was a provident exercise of discretion. But where the court failed to consider this statutorily authorized option at all, when specifically asked to do so by defense counsel, the failure to do so is, in my view, an error of law.
I recognize that the new statute has made significant changes in long-established practices in criminal cases. Courts and attorneys alike will need to adapt to the new procedures, a process that will inevitably take both time and experience. Because the People may be able to demonstrate sufficient facts to warrant the issuance of a protective order, and because their application was prepared well prior to the statutory revision, I believe that the People should be afforded an opportunity to seek a protective order under the new statute.
For these reasons, I grant the expedited review application and vacate the ruling dated January 7, 2020, made upon renewal, and, thereupon, the protective order dated November 1, 2019. This determination is without prejudice to the submission by the People, if they be so advised, of a further application for a protective order, with appropriate supporting papers. The copy of the sealed affirmation heretofore submitted to me by the People shall be sealed by the Clerk of this Court. ALAN D. SCHEINKMAN Presiding Justice