People v Artis (2020 NY Slip Op 00813)





People v Artis


2020 NY Slip Op 00813


Decided on January 31, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 31, 2020

112014

[*1]The People of the State of New York, Plaintiff,
v Anthony Artis, Defendant.

Calendar Date: 

Before: 





Hon. Elizabeth A. Garry
Application by defendant, pursuant to CPL 245.70 (6), for expedited review of an order of the Supreme Court, Schenectady County (Hogan, J.), dated January 21, 2020, which partially granted the People's application for a protective order.
On January 3, 2020, defendant was arraigned in connection with an indictment charging him with two counts each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. The charges stem from alleged controlled buys of narcotics by a confidential informant (hereinafter CI). Shortly thereafter, the People submitted an ex parte application for a protective order of certain materials related to the actions of the CI (see CPL 245.70 [1]). Specifically, the People sought to withhold the digital video recordings of the interactions that gave rise to the charges, the grand jury testimony of the CI and the contract between law enforcement and the CI. Following a hearing, at which counsel for defendant was present and opposed the application, Supreme Court issued an order partially granting the People's application, but directed that the People provide defense counsel with a redacted copy of the CI's statement to police and make the digital video recordings of the narcotics transactions available to defense counsel for review. The order further directed that defense counsel refrain from disclosing any information to defendant that may enable him to ascertain the identity of the CI. Defendant now seeks expedited review of Supreme Court's order pursuant to CPL 245.70 (6).
Newly enacted CPL 245.70 provides that either party may, upon a showing of good cause, request that the trial court issue a protective order regarding materials that would otherwise be discoverable (see CPL 245.70 [1]). Specifically, the court may "order that discovery or inspection of any kind of material or information under this article be denied, restricted, conditioned or deferred, or make such other order as is appropriate" (CPL 245.70 [1]). The statute also authorizes a court to "impose as a condition on discovery to a defendant that the material or information to be discovered be available only to counsel for the defendant" (CPL 245.70 [1]). If such condition is imposed, "the court shall inform the defendant on the record that his or her attorney is not permitted by law to disclose such material or information to the defendant" (CPL 245.70 [1]). A party may seek expedited review of an adverse ruling by a Justice of the Appellate Division "to which an appeal from a judgment of conviction in the case would be taken" (CPL 245.70 [6] [a]).
Analysis of the instant application must begin with consideration of the standard of review to be employed in conducting the expedited review of the grant or denial of a protective order. Although the statute is silent on that subject, it provides that "[t]he appellate justice may consider any relevant and reliable information bearing on the issue, and may dispense with written briefs other than supporting and opposing materials previously submitted to the lower court" (CPL 245.70 [6] [c] [emphasis added]). Notably, in the instant case, defense counsel was not provided with a copy of the People's ex parte application for a protective order until the commencement of the hearing on the application, nor was counsel permitted to submit papers in opposition thereto. Defendant's application to this Court, however, affords him an opportunity to present "any relevant and reliable information bearing on the issue" of whether the People demonstrated good cause for the protective order. The fact that the statute contemplates that the Appellate Division Justice may consider materials not before the trial court compels the conclusion that a de novo standard of review is to be employed (compare People v Beaton, ___ AD3d ___, ___, 2020 NY Slip Op 00372, *2 [2d Dept 2020]). Accordingly, I must determine, based on the papers before me, whether the People have satisfied their burden of demonstrating good cause for the issuance of a protective order.
In assessing whether good cause exists for the protective order, a court may consider "constitutional rights or limitations; danger to the integrity of physical evidence or the safety of a witness; risk of intimidation, economic reprisal, bribery, harassment or unjustified annoyance or embarrassment to any other person, and the nature, severity and likelihood of that risk; a risk of an adverse effect upon the legitimate needs of law enforcement, including the protection of the confidentiality of informants, and the nature, severity and likelihood of that risk; the nature and circumstances of the factual allegations in the case; whether the defendant has a history of witness intimidation or tampering and the nature of that history; the nature of the stated reasons in support of a protective order; the nature of the witness identifying information that is sought to be addressed by a protective order, including the option of employing adequate alternative contact information; danger to any person stemming from factors such as a defendant's substantiated affiliation with a criminal enterprise . . . ; and other similar factors found to outweigh the usefulness of the discovery" (CPL 245.70 [4]). It should also be noted that, while the new discovery statute requires disclosure of names and contact information for all persons other than law enforcement who have "evidence or information relevant to any offense charged or to any potential defense thereto," the statute specifically permits the People to withhold and redact from discovery materials the name and contact information of a CI without the need for a motion for a protective order (see CPL 245.20 [1] [c]).
I have considered the factors enumerated in the statute and find that the People have established good cause for the issuance of a protective order. Under the circumstances of this case, the potential for harm to or intimidation of the CI, coupled with the risk of adverse effects on the legitimate needs of law enforcement to protect the identity of informants, outweighs the usefulness of the discovery of the materials sought by defendant at this stage of the proceedings (see generally People v Williams, 192 AD2d 882, 882 [1993]; People v Carpenito, 171 AD2d 45, 48 [1991], affd 80 NY2d 522 [1993]). Likewise, I find that the protective order issued by Supreme Court was properly tailored to provide defense counsel with evidence necessary to prepare for trial, while also protecting the CI from the risk of harm or intimidation and safeguarding the needs of law enforcement from potential adverse effects resulting from disclosure.
Upon the papers filed in support of the application and the papers filed in opposition thereto, it is
ORDERED that, upon expedited review pursuant to CPL 245.70 (6), the application to vacate the order of Supreme Court dated January 21, 2020 is denied.