People v Manon (2020 NY Slip Op 00927)





People v Manon


2020 NY Slip Op 00927


Decided on February 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

[*1]The People of the State of New York, plaintiff, ON APPLICATION
v
Anthony Manon, defendant. (Ind. No. 1573/19)




DECISION & ORDER
Dillon, J. Application by the People pursuant to CPL 245.70(6) to review a ruling of an Acting Justice of the Supreme Court, Queens County, as set forth in a protective order of that court dated January 17, 2020, and, upon review, in effect, to modify the ruling, by delaying, until trial, defense counsel's access to all information or material relating to the names, addresses, contact information, or statements of three witnesses.
Upon the papers filed in support of the application and no papers having been filed in opposition or in relation thereto, it is
ORDERED that the application by the People pursuant to CPL 245.70(6) is granted, and the ruling and the protective order are modified by adding a provision thereto directing that defense counsel's access to all information or material relating to the names, addresses, contact information, or statements of three witnesses is delayed until the jury is sworn; and it is further,
ORDERED that the redacted portion of the papers submitted in support of the People's application pursuant to CPL 245.70(6), containing names and identifying information, which was redacted by the order to show cause of this Court dated January 23, 2020, is deemed to be filed under seal, and shall continue to be sealed.
The Supreme Court erred as a matter of law in concluding that a certain factor that the People urged be considered by the court, in determining the ex parte application for a protective order, was not in fact a factor under the newly-enacted CPL 245.70. CPL 245.70(4) specifically delineates the factors that courts may consider in determining requests for protective discovery orders, including factors that the Supreme Court refused to entertain in this instance. New York's new criminal disclosure statute is not to be confused with the State's new bail reform law (see CPL 510.10 et seq.), which has eliminated certain factors that courts traditionally considered in making release determinations. Here, since the Supreme Court committed an error in its analysis as a matter of law, my examination of the request for a protective order is to be treated de novo (see People v Beaton, ___ AD3d ___ , 2020 NY Slip Op 00372[2d Dept 2020][Scheinkman, PJ]). Upon a de novo review of the instant request, and applying the factors set forth in CPL 245.70(4), I find that the People's application to modify the protective order, which is not opposed by defense counsel, sets forth circumstances sufficient to warrant that it be granted in the exercise of this Court's discretion, and that defense counsel's access to all information or material relating to the names, addresses, contact information, or statements of three witnesses be delayed until trial.