People v Reyes (2020 NY Slip Op 01275)





People v Reyes


2020 NY Slip Op 01275


Decided on February 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

[*1]The People of the State of New York, plaintiff, 
v
Ezequiel Reyes, defendant.
The People, etc., plaintiff,
v
Primitivo Robles, defendant.
The People, etc., plaintiff,
v
Diego Cardona-Vasquez, defendant.
The People, etc., plaintiff,
v
Alister Simon, defendant.
The People, etc., plaintiff,
v
Carlson Small, defendant.
The People, etc., plaintiff,
v
Luis Figueroa, defendant.
The People, etc., plaintiff,
v
Julio Figueroa, defendant.
The People, etc., plaintiff,
v
Rafael Davila, defendant.
The People, etc., plaintiff,
v
Rolando Martinez-Flores, defendant.
The People, etc., plaintiff,
v
Frank Morales, defendant.
The People, etc., plaintiff,
v
Ricky Figueroa, defendant.
(Action No. 1.)
The People, etc., plaintiff,
v
Ezequiel Reyes, defendant.
The People, etc., plaintiff,
v
Primitivo Robles, defendant.
The People, etc., plaintiff,
v
Noe Lopez, defendant.
(Action No. 2.)
[*2]
The People, etc., plaintiff,
v
Carlson Small, defendant.
The People, etc., plaintiff,
v
Jamal Lynch, defendant.
(Action No. 3.)
(Ind. Nos. 4698/18, 7007/18, 7522/18)



DECISION & ORDER
Leventhal, J. Application by the People pursuant to CPL 245.70(6) to review a ruling of a Justice of the Supreme Court, Kings County, as set forth in a protective order of that court dated February 11, 2020, and, upon review, to modify the ruling. Separate application by the defendant Carlson Small pursuant to CPL 245.70(6) to review the ruling, and, upon review, to vacate the ruling.
Upon the papers filed in support of the applications and the papers filed in opposition thereto, it is
ORDERED that the application by the People pursuant to CPL 245.70(6) is granted, and the ruling and protective order are modified (1) by deleting the provisions thereof granting the People's request only to the extent of directing disclosure delayed until 30 days before trial, of Exhibits 1 through 9 attached to the prosecutor's affidavit dated January 13, 2020, Exhibit 10, page 303, attached to the same affidavit, Exhibit 13, report numbers 261 through 264, attached to the same affidavit, and Exhibit 15, the marked passage after "I do not have hand written notes and do not have access to my old files since I transferred to the Allentown Office" in the first listed message on the first page of the document, attached to the same affidavit, and substituting therefor provisions granting the People's request to deny disclosure of the aforementioned material or information; and (2) by deleting the provision thereof granting the People's request only to the extent of directing disclosure restricted only to the respective defense counsels and to no other persons, unless specifically ordered by the Supreme Court, until 30 days before trial discovery of the material or information described in paragraph 60 of the prosecutor's affidavit dated January 13, 2020, and substituting therefor a provision granting the People's request to deny disclosure of the aforementioned material or information; and it is further,
ORDERED that the separate application by the defendant Carlson Small is denied; and it is further,
ORDERED that the exhibits annexed to the affirmation of Matthew J. Bennett dated February 13, 2020, submitted in support of the People's application pursuant to CPL 245.70(6) are deemed to be filed under seal, and shall continue to be sealed.
CPL 245.70(1) provides that, upon a showing of good cause by either party, the court may order that disclosure and inspection be denied, restricted, conditioned, or deferred, or make such order as appropriate. In determining whether good cause for a protective order exists, the court may consider "constitutional rights or limitations; danger to the integrity of physical evidence or the safety of a witness; risk of intimidation, economic reprisal, bribery, harassment or unjustified annoyance or embarrassment to any person, and the nature, severity and likelihood of that risk; a risk of an adverse effect upon the legitimate needs of law enforcement, including the protection of the confidentiality of informants, and the nature, severity and likelihood of that risk; the nature and circumstances of the factual allegations in the case; whether the defendant has a history of witness intimidation or tampering and the nature of that history; the nature of the stated reasons in support of a protective order; the nature of the witness identifying information that is sought to be addressed by a protective order, including the option of employing adequate alternative contact information; danger to any person stemming from factors such as a defendant's substantiated affiliation with a criminal enterprise...; and other similar factors found to outweigh the usefulness of the discovery" (CPL 245.70[4]).
Pursuant to CPL 245.70(6), a party who has unsuccessfully sought, or opposed the granting of, a protective order relating to the name, address, contact information, or statements of a person may obtain expedited review by an individual justice of the intermediate appellate court to which an appeal from a judgment of conviction would be taken. Although the statute does not specify what standard the intermediate appellate justice is to apply in performing the expedited review, I concur that where, as here, "the issue involves balancing the defendant's interest in obtaining information for defense purposes against concerns for witness safety and protection, the question is appropriately framed as whether the determination made by the trial court was a provident exercise of discretion" (People v Beaton, ____ AD3d ____, 2020 NY Slip Op 00372 [2d Dept 2020] [Scheinkman, PJ]).
Applying these standards to the matters at hand, I conclude that the Supreme Court's determination to grant the People's request only to the extent indicated was an improvident exercise of discretion. Under the particular facts and circumstances presented, concerns for witness safety and protection far outweigh the usefulness of the discovery of the material or information in question. Consequently, I grant the People's application to review pursuant to CPL 245.70(6) and modify the protective order accordingly.
I note that the People's representations in support of their application for expedited review pursuant to CPL 245.70(6) alleviate my concerns that there are Brady (see Brady v Maryland, 373 US 83 [1963]) or Rosario (see People v Rosario, 9 NY2d 286 [1961]) violation implications.
Having concluded that the separate application by the defendant Carlson Small is without merit, I deny it.