People v Brown (2020 NY Slip Op 01439)





People v Brown


2020 NY Slip Op 01439


Decided on February 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

[*1]The People of the State of New York, respondent,
v
Omari Brown, appellant. (Ind. Nos. 2219/19, 5109/19, 5832/19)




DECISION & ORDER
Cohen, J. Application by the People pursuant to CPL 245.70(6) to review a ruling of an Acting Justice of the Supreme Court, Kings County, as set forth in a protective order of that court dated February 18, 2020, and, upon review, to modify the ruling.
Upon the papers filed in support of the application and the papers filed in opposition thereto, it is
ORDERED that the application by the People pursuant to CPL 245.70(6) is granted to the extent that the ruling and protective order are modified, by adding a provision thereto directing that the disclosure to counsel for the defendant and his investigator set forth in the first ordered paragraph of the protective order dated February 18, 2020, is delayed until 45 days before trial, and the application is otherwise denied; and it is further,
ORDERED that the documents submitted under seal by the People in connection with this application pursuant to CPL 245.70(6) are deemed to be filed under seal, and shall continue to be sealed.
CPL 245.70(1) provides that, upon a showing of good cause by either party, the court may order that disclosure and inspection be denied, restricted, conditioned, or deferred, or make such other order as appropriate. In determining whether good cause for a protective order exists, the court may consider "constitutional rights or limitations; danger to the integrity of physical evidence or the safety of a witness; risk of intimidation, economic reprisal, bribery, harassment or unjustified annoyance or embarrassment to any person, and the nature, severity and likelihood of that risk; a risk of an adverse effect upon the legitimate needs of law enforcement, including the protection of the confidentiality of informants, and the nature, severity and likelihood of that risk; the nature and circumstances of the factual allegations in the case; whether the defendant has a history of witness intimidation or tampering and the nature of that history; the nature of the stated reasons in support of a protective order; the nature of the witness identifying information that is sought to be addressed by a protective order, including the option of employing adequate alternative contact information; danger to any person stemming from factors such as a defendant's substantiated affiliation with a criminal enterprise...; and other similar factors found to outweigh the usefulness of the discovery" (CPL 245.70[4]).
Pursuant to CPL 245.70(6), a party who has unsuccessfully sought, or opposed the granting of, a protective order relating to the name, address, contact information, or statements of a person may obtain expedited review by an individual justice of the intermediate appellate court to which an appeal from a judgment of conviction would be taken. Where, as here, "the issue involves balancing the defendant's interest in obtaining information for defense purposes against concerns for witness safety and protection, the question is appropriately framed as whether the determination made by the trial court was a provident exercise of discretion" (People v Beaton, ____ AD3d ____, [*2]2020 NY Slip Op 00372 [2d Dept. 2020] [Scheinkman, PJ]).
Applying the factors set forth in CPL 245.70(4), including concerns for witness safety and protection, I conclude that the Supreme Court improvidently exercised its discretion in directing immediate disclosure of the subject materials to counsel for the defendant and his investigator. Under the particular facts and circumstances of this case, the Supreme Court should have delayed disclosure of the subject materials to counsel for the defendant and his investigator until 45 days before trial.