People v Harper (2020 NY Slip Op 02193)





People v Harper


2020 NY Slip Op 02193


Decided on April 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

[*1]The People of the State of New York, plaintiff,
v
Nysair Harper, defendant.




DECISION & ORDER
Iannacci, J. Application by the People pursuant to CPL 245.70(6) to vacate or modify a ruling of an Acting Justice of the Supreme Court, Kings County, as set forth in an oral order of that court dated March 10, 2020.
Upon the papers filed in support of the application and the papers filed in opposition thereto, it is
ORDERED that the application by the People pursuant to CPL 245.70(6) is granted, disclosure of the address and contact information of the complainant, and the name, address, and contact information of the complainant's mother and the individuals identified as the first and second 911 callers is delayed until 15 days before trial and shall only be made to counsel for the defendant and counsel's investigator, and disclosure of the last name, address, and contact information of the individual identified as the third 911 caller shall be made within 15 days of this decision and order on application and shall only be made to counsel for the defendant and counsel's investigator; counsel for the defendant and counsel's investigator shall not disclose the above-referenced material to the defendant or anyone else, aside from each other, and the ruling and oral order dated March 10, 2020, are modified accordingly; and it is further,
ORDERED that the documents submitted under seal by the People in connection with this application pursuant to CPL 245.70(6) are deemed to be filed under seal, and shall continue to be sealed.
CPL 245.70(1) provides that, upon a showing of good cause by either party, the court may order that disclosure and inspection be denied, restricted, conditioned, or deferred, or make such other order as appropriate. In determining whether good cause for a protective order exists, the court may consider "constitutional rights or limitations; danger to the integrity of physical evidence or the safety of a witness; risk of intimidation, economic reprisal, bribery, harassment or unjustified annoyance or embarrassment to any person, and the nature, severity and likelihood of that risk; a risk of an adverse effect upon the legitimate needs of law enforcement, including the protection of the confidentiality of informants, and the nature, severity and likelihood of that risk; the nature and circumstances of the factual allegations in the case; whether the defendant has a history of witness intimidation or tampering and the nature of that history; the nature of the stated reasons in support of a protective order; the nature of the witness identifying information that is sought to be addressed by a protective order, including the option of employing adequate alternative contact information; danger to any person stemming from factors such as a defendant's substantiated affiliation with a criminal enterprise...; and other similar factors found to outweigh the usefulness of the discovery" (CPL 245.70[4]).
Pursuant to CPL 245.70(6), a party who has unsuccessfully sought, or opposed the granting of, a protective order relating to the name, address, contact information, or statements of a person may obtain expedited review by an individual justice of the intermediate appellate court to which an appeal from a judgment of conviction would be taken. Where, as here, "the issue involves balancing the defendant's interest in obtaining information for defense purposes against concerns for witness safety and protection, the question is appropriately framed as whether the determination [*2]made by the trial court was a provident exercise of discretion" (People v Beaton, 179 AD3d 871, 874 [Scheinkman, PJ]).
Applying the factors set forth in CPL 245.70(4), including concerns for witness safety and protection, I conclude that the Supreme Court improvidently exercised its discretion in directing immediate disclosure of the subject materials to counsel for the defendant, counsel's investigator, and the defendant. Under the particular facts and circumstances of this case, the Supreme Court should have delayed disclosure of the address and contact information of the complainant, and of the name, address, and contact information of the complainant's mother and the individuals identified as the first and second 911 callers, until 15 days before trial, to counsel for the defendant and counsel's investigator, only, and should have directed disclosure of the last name, address, and contact information of the individual identified as the third 911 caller to counsel for the defendant and counsel's investigator, only. ANGELA G. IANNACCI Associate Justice