People v Morales-Aguilar (2020 NY Slip Op 04721)





People v Morales-Aguilar


2020 NY Slip Op 04721


Decided on August 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

[*1]The People of the State of New York, plaintiff, ON APPLICATION
v
Francisco Morales-Aguilar, defendant. (Docket No. CR-23950-2019NA) 
 Iannacci, J. Application by the defendant pursuant to CPL 245.70(6), in effect, to vacate or to modify a ruling of a Justice of the Supreme Court, Nassau County, as set forth in a protective order of that court dated August 10, 2020. Separate application by the People pursuant to CPL 245.70(6), in effect, to modify the ruling. Upon the papers filed in support of the applications and the papers filed in opposition thereto, it is ORDERED that the application by the defendant pursuant to CPL 245.70(6) is denied; and it is further, ORDERED that the application by the People pursuant to CPL 245.70(6) is granted, and the ruling and protective order are modified by deleting the provision thereof granting the People's application only to the extent that certain of the subject documents be provided to defense counsel no later than 15 days prior to the first scheduled date for hearing or trial, and could be shared with the defendant at the commencement of jury selection, and the remaining subject documents be disclosed immediately to defense counsel, and substituting therefor a provision granting the People's application to withhold all of the subject documents from disclosure until the completion of jury selection; and it is further, ORDERED that the documents submitted under seal by the People in connection with the applications pursuant to CPL 245.70(6) are deemed to be filed under seal, and shall continue to be sealed. CPL 245.70(1) provides that, upon a showing of good cause by either party, the court may order that disclosure and inspection be denied, restricted, conditioned, or deferred, or make such order as appropriate. In determining whether good cause for a protective order exists, the court may consider "constitutional rights or limitations; danger to the integrity of physical evidence or the safety of a witness; risk of intimidation, economic reprisal, bribery, harassment or unjustified annoyance or embarrassment to any person, and the nature, severity and likelihood of that risk; a risk of an adverse effect upon the legitimate needs of law enforcement, including the protection of the confidentiality of informants, and the nature, severity and likelihood of that risk; the nature and circumstances of the factual allegations in the case; whether the defendant has a history of witness intimidation or tampering and the nature of that history; the nature of the stated reasons in support of a protective order; the nature of the witness identifying information that is sought to be addressed by a protective order, including the option of employing adequate alternative contact information; [*2]danger to any person stemming from factors such as a defendant's substantiated affiliation with a criminal enterprise...; and other similar factors found to outweigh the usefulness of the discovery" (CPL 245.70[4]). Pursuant to CPL 245.70(6), a party who has unsuccessfully sought, or opposed the granting of, a protective order relating to the name, address, contact information, or statements of a person may obtain expedited review by an individual justice of the intermediate appellate court to which an appeal from a judgment of conviction would be taken. Where, as here, "the issue involves balancing the defendant's interest in obtaining information for defense purposes against concerns for witness safety and protection, the question is appropriately framed as whether the determination made by the trial court was a provident exercise of discretion" (People v Beaton, 179 AD3d 871, 874 [Scheinkman, PJ]). Applying these standards to the matters at hand, I conclude that the Supreme Court's determination to grant the People's request only to the extent indicated was an improvident exercise of discretion. Under the particular facts and circumstances presented, concerns for witness safety and protection far outweigh the usefulness of the discovery of the material or information in question. Consequently, I grant the People's application to modify the protective order accordingly. Having concluded that the separate application by the defendant is without merit, I deny it. ANGELA G. IANNACCI

Associate Justice