People v Taggart (2020 NY Slip Op 05020)





People v Taggart


2020 NY Slip Op 05020


Decided on September 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

[*1]The People of the State of New York, plaintiff, 
v
Christopher Taggart, defendant. (Ind. No. 2020-091) DECISION & ORDER Wooten, J. Application by the People pursuant to CPL 245.70(6) to vacate or modify an order of a Judge of the County Court, Rockland County, dated September 1, 2020, which denied their motion for a protective order. Upon the papers filed in support of the application and the papers filed in opposition thereto, it is ORDERED that the application to vacate or modify the order dated September 1, 2020, is granted to the extent that the order dated September 1, 2020, is modified by deleting the provision thereof denying the motion for a protective order and substituting therefor a provision granting the motion to the extent that disclosure of the names, addresses, and contact information of the individuals identified as Witness #1, Witness #2, Witness #3, and Witness #4, and of the floor plans of the subject jail, shall be made only to defense counsel, and that defense counsel shall not disclose the material or information to the defendant or to anyone other than those employed by defense counsel or appointed to assist in the defense, and otherwise denying the motion, and the application to vacate or modify the order dated September 1, 2020, is otherwise denied. CPL 245.70(1) provides that, upon a showing of good cause by either party, the court may order that disclosure and inspection be denied, restricted, conditioned, or deferred, or make such other order as appropriate. In determining whether good cause for a protective order exists, the court may consider "constitutional rights or limitations; danger to the integrity of physical evidence or the safety of a witness; risk of intimidation, economic reprisal, bribery, harassment or unjustified annoyance or embarrassment to any person, and the nature, severity and likelihood of that risk; a risk of an adverse effect upon the legitimate needs of law enforcement, including the protection of the confidentiality of informants, and the nature, severity and likelihood of that risk; the nature and circumstances of the factual allegations in the case; whether the defendant has a history of witness intimidation or tampering and the nature of that history; the nature of the stated reasons in support of a protective order; the nature of the witness identifying information that is sought to be addressed by a protective order, including the option of employing adequate alternative contact information; danger to any person stemming from factors such as a defendant's substantiated affiliation with a criminal enterprise...; and other similar factors found to outweigh the usefulness of the discovery" (CPL 245.70[4]). Pursuant to CPL 245.70(6), a party who has unsuccessfully sought, or opposed the granting of, a protective order relating to the name, address, contact information, or statements of a person may obtain expedited review by an individual justice of the intermediate appellate court to which an appeal from a judgment of conviction would be taken. Where, as here, "the issue involves balancing the defendant's interest in obtaining information for defense purposes against concerns [*2]for witness safety and protection, the question is appropriately framed as whether the determination made by the trial court was a provident exercise of discretion" (People v Beaton, 179 AD3d 871, 874 [Scheinkman, PJ]). Applying the factors set forth in CPL 245.70(4), including concerns for witness safety and protection, I conclude that the County Court improvidently exercised its discretion in denying the People's request in its entirety. Under the particular facts and circumstances of this case, the County Court should have directed that disclosure of the names, addresses, and contact information of the individuals identified as Witness #1, Witness #2, Witness #3, and Witness #4, and of the floor plans of the subject jail, be made only to defense counsel, and directed defense counsel not to disclose the materials or information to the defendant or to anyone other than those employed by counsel or appointed to assist in the defense. PAUL WOOTEN

Associate Justice