People v Singh (2020 NY Slip Op 05479)





People v Singh


2020 NY Slip Op 05479


Decided on October 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

[*1]The People of the State of New York, plaintiff, 
v
Davina Singh, defendant. (Ind. No. 2020-028)




DECISION & ORDER
Application by the People pursuant to CPL 245.70(6) to vacate or modify an order of the County Court, Rockland County (Kevin F. Russo, J.), dated September 28, 2020.
Upon the papers filed in support of the application and the papers filed in opposition thereto, it is
ORDERED that the application to vacate or modify the order dated September 28, 2020, is granted to the extent that the order is modified by deleting the provision thereof granting the People's motion for a protective order only to the extent that the People may withhold the name of the confidential informant until 15 days prior to a scheduled pre-trial hearing or trial, and substituting therefor a provision granting the People's motion for a protective order to the extent that (1) disclosure of the audio and video recordings of the narcotics sales shall be made to defense counsel only, to be viewed at the prosecutor's office, (2) disclosure of the name and contact information of the confidential informant shall be delayed until the commencement of trial, and (3) disclosure of the names and work affiliation of the undercover personnel shall be delayed until the commencement of trial, and the application is otherwise denied, and it is further,
ORDERED that the documents submitted by the People in connection with the application pursuant to CPL 245.70(6) are deemed to be filed under seal, and shall continue to be sealed. CPL 245.70(1) provides that, upon a showing of good cause by either party, the court may order that disclosure and inspection be denied, restricted, conditioned, or deferred, or make such other order as appropriate. In determining whether good cause for a protective order exists, the court may consider "constitutional rights or limitations; danger to the integrity of physical evidence or safety of a witness; risk of intimidation, economic reprisal, bribery, harassment or unjustified annoyance or embarrassment to any person, and the nature, severity and likelihood of that risk; a risk of an adverse effect upon the legitimate needs of law enforcement, including the protection of the confidentiality of informants, and the nature, severity and likelihood of that risk; the nature and circumstances of the factual allegations in the case; whether the defendant has a history of witness intimidation or tampering and the nature of that history; the nature of the stated reasons in support of a protective order; the nature of the witness identifying information that is sought to be addressed by a protective order, including the option of employing adequate alternative contact information; danger to any person stemming from factors such as a defendant's substantiated affiliation with a criminal enterprise . . .; and other similar factors found to outweigh the usefulness of the discovery" (CPL 245.70[4]).
Pursuant to CPL 245.70(6), a party who has unsuccessfully sought, or opposed the [*2]granting of, a protective order relating to the name, address, contact information, or statements of a person may obtain expedited review by an individual justice of the intermediate court to which an appeal from a judgment of conviction would be taken. Where, as here, "the issue involves balancing the defendant's interest in obtaining information for defense purposes against concerns for witness safety and protection, the question is appropriately framed as whether the determination made by the trial court was a provident exercise of discretion" (People v Beaton, 179 AD3d 871, 874 [Scheinkman, PJ]).
Applying the factors set forth in CPL 245.70(4), including the concerns for witness safety and protection, I conclude that the County Court's determination to grant the People's request only to the extent indicated was an improvident exercise of discretion. Under the particular circumstances of this case, the County Court should have directed that disclosure of the audio and video recordings of the narcotics sales be made to defense counsel only, to be viewed at the prosecutor's office (see People v Zayas, ___AD3d___, 2020 NY Slip Op 05236 [2d Dept, Maltese, J.]). Additionally, the County Court should have directed that disclosure of the name and contact information of the confidential informant, as well as the name and work affiliation of undercover personnel, be delayed until the commencement of trial (see People v Zayas, ___AD3d___, 2020 NY Slip Op 05236).
Contrary to the County Court's determination, the legislature, when enacting CPL 245.70, created an exception for disclosure relating to confidential informants. The new discovery statute specifically permits the People to withhold and redact from discovery materials the name and contact information of a confidential informant without the need for a motion for a protective order (see CPL 245.20[1][c]; People v Artis, 179 AD3d 1440, 1442 [Garry, PJ]). In addition, the new discovery statute specifically permits the People to withhold and redact from discovery the name and work affiliation of undercover personnel without the need for a motion for a protective order (see CPL 245.20[1][d]). The People should employ these provisions and only move for a protective order with regard to material that they are required under the statute to disclose. Further, I remind the People that their motion for a protective order "should provide a sufficiently detailed factual predicate to enable the courts to evaluate the applicability of the statutory factors governing the issuance of protective orders, assess the weight to be given to each factor, and draw an appropriate balance" (People v Beaton, 179 AD3d at 875). Accordingly, the affirmation submitted by the People in support of their motion for a protective order should be specific as to what material they seek to protect as that would be more helpful than having the People clarify their position at the hearing to determine whether good cause for a protective order has been shown. JOSEPH J. MALTESE Associate Justice