People v Taylor (2025 NY Slip Op 02473)

People v Taylor

2025 NY Slip Op 02473

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, AND KEANE, JJ.

237 KA 22-01540

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEPHEN TAYLOR, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEPHANIE M. STARE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered May 2, 2022. The judgment convicted defendant upon a nonjury verdict of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a controlled substance in the seventh degree (§ 220.03), defendant contends that Supreme Court abused its discretion in issuing a protective order pursuant to CPL 245.70 that allowed the People to withhold from defendant, until 10 days before trial, the identity of a confidential informant. We reject that contention. "[T]he legislature, when enacting CPL 245.70, created an exception for disclosure relating to confidential informants" that "permits the People to withhold and redact from discovery materials the name and contact information of a confidential informant without the need for a motion for a protective order" (People v Singh, 187 AD3d 691, 693 [2d Dept 2020]; see CPL 245.20 [1] [c]; People v Artis, 179 AD3d 1440, 1442 [3d Dept 2020]). Nevertheless, the court may issue a protective order for "good cause," which includes "danger to . . . the safety of a witness" or "risk of intimidation" (CPL 245.70 [4]). Here, the People submitted an ex parte motion that provided "a sufficiently detailed factual predicate to enable the court[ ] to evaluate the applicability of the statutory factors governing the issuance of protective orders, assess the weight to be given to each factor, and draw an appropriate balance" (People v Beaton, 179 AD3d 871, 875 [2d Dept 2020]; see also People v Eaves, 152 AD3d 1226, 1227 [4th Dept 2017], lv denied 30 NY3d 949 [2017]). Based on that factual predicate, the court determined that there was good cause for a protective order, and we see no reason to disturb the court's exercise of discretion (see Eaves, 152 AD3d at 1227).
Defendant further contends that the court erred in refusing to suppress physical evidence based on its determination following an in camera Darden hearing with respect to the confidential informant that was relied upon by the police (see generally People v Edwards, 95 NY2d 486, 493-494 [2000]; People v Darden, 34 NY2d 177, 181-182 [1974], rearg denied 34 NY2d 995 [1974]). We reject that contention. We have reviewed the sealed transcript of the Darden hearing, as well as the court's requisite "summary report as to the existence of the informer and with respect to the communications made by the informer to the police to which the police testify" (Darden, 34 NY2d at 181). Based on those documents, we conclude that the court properly determined that "the confidential informant existed and that he provided the information to the police concerning defendant's possession of the handgun at the location where defendant was stopped by the police and subsequently arrested" (People v Brown [appeal No. 1], 93 AD3d 1231, 1231 [4th Dept 2012], lv denied 19 NY3d 958 [2012]; see People v Jones, 149 AD3d [*2]1580, 1581 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]). Defendant failed to preserve for our review his further contention that the court erred in failing sua sponte to reopen the suppression hearing (see People v Angona, 119 AD3d 1406, 1407 [4th Dept 2014], lv denied 25 NY3d 987 [2015]; People v Highsmith, 259 AD2d 1006, 1007 [4th Dept 1999]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We agree with defendant, however, that the judgment of conviction should be reversed and a new trial granted because the court erred in summarily denying his request to proceed pro se (see generally People v McIntyre, 36 NY2d 10, 14 [1974]). It is well established that a defendant in a criminal case may invoke the right to proceed pro se provided that "(1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (id. at 17). Here, the record establishes that defendant requested to represent himself before the start of trial, stating: "I would like to go pro se, and I would like to bring something to the [c]ourt's attention if I may, your Honor." The court initially ignored the request, but defense counsel raised the issue twice more, causing the court to tell defendant: "We are not going to address the issue of pro se. You are here with [defense counsel]," whom the court described as "one of the most experienced defense attorneys in town." Given that the court "recognized defendant as having unequivocally requested to proceed pro se," it was then required to conduct a "searching inquiry to ensure that . . . defendant's waiver [of the right to counsel was] knowing, intelligent, and voluntary" (People v Holmes, 40 NY3d 947, 948 [2023] [internal quotation marks omitted]; see generally People v Silburn, 31 NY3d 144, 150 [2018]). Because the court erred in summarily denying the request without conducting the requisite inquiry, we reverse the judgment and grant a new trial (see Holmes, 40 NY3d at 948; People v Coleman, 210 AD2d 977, 977 [4th Dept 1994]).
In light of our determination, we do not address defendant's remaining contention.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court